UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVERBANK FINANCIAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0770-CVE-TLW |
| ) | |
| WILLIAM LEE BLAIR et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On November 27, 2013, William Lee Blair filed a notice of removal (Dkt. # 2) attempting to remove a foreclosure action from Tulsa County District Court to this Court. Although Blair's notice of removal does not plainly state the basis for federal jurisdiction, it appears that he is raising alleged violations of his federal statutory and constitutional rights as a defense in the foreclosure proceedings. He is also requesting leave to proceed in forma pauperis in this Court. Dkt. # 5. Blair is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On July 30, 2013, plaintiff Everbank Financial Corp. (Everbank) filed a foreclosure action in Tulsa County District Court.[1] Everbank served Blair on September 27, 2013 and he did not file an answer. Instead, Blair filed a "motion for removal" (Dkt. # 2) on November 27, 2013, and it

---

[1] Although Blair has not provided a copy of the state court petition, the state court docket sheet and the petition are available to the public at www.oscn.net. Under Fed. R. Evid. 201(b), the Court may take judicial notice of public records and this includes pleadings, docket sheets, and orders in this case and other related cases. Luis v. Argent Mortg. Co., LLC, 2013 WL 4483503 (N.D. Okla. Aug. 19, 2013).

appears that he is attempting to remove the case to this Court based on federal defenses and counterclaims against Everbank. In addition, he may be attempting to allege crossclaims or third-party claims. Everbank's petition does not identify the citizenship of the parties and there is no federal question alleged in the petition.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Blair does not identify the citizenship of the parties and there is no basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332. However, he could be attempting to remove the case based on federal question jurisdiction. Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28

U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). A counterclaim arising under federal law also does not provide a basis for removal of a case in which the plaintiff has alleged only state law claims. Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and the defendant seeking to remove the case to federal court bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

The Court has reviewed the petition and the notice of removal, and there is no basis for this Court to exercise federal question jurisdiction over this case. The petition alleges that Blair has defaulted on a promissory note and that plaintiff has elected to foreclose on a mortgage. These are purely issues of state law. Blair alleges defenses, counterclaims, crossclaims, and/or third-party claims based on federal law but, under the well-pleaded complaint rule, this does not give rise to federal question jurisdiction over a case in which the plaintiff has alleged state law claims only. The

Court finds that this case should be remanded to Tulsa County District Court for lack of subject matter jurisdiction.[2]

**IT IS THEREFORE ORDERED** that the Court lacks jurisdiction over this case, and the Court Clerk is directed to **remand** the case to Tulsa County District Court.

**IT IS FURTHER ORDERED** that Blair's motion for leave to proceed in forma pauperis (Dkt. # 5) is **moot**.

**DATED** this 5th day of December, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that there are at least two procedural defects with Blair's attempted removal of this case. The notice of removal was filed more than 30 days after Blair was served with process, and the notice of removal does not state if all defendants who have been served join in or consent to the removal. 28 U.S.C. § 1446(b). However, these issues have not been raised by plaintiff in a motion to remand, and the Court's sua sponte remand is based solely on the lack of subject matter jurisdiction.